Held *v.* Held, Ex'r., et al., Appellants.

Argued November 26, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Willis A. MacDonald,* with him *W. A. Blair, Armand R. Cingolani* and *John H. Wilson,* for appellant.

390

*J. Campbell Brandon,* with him *Brandon and Brandon* and *W. D. Brandon,* for appellee.

OPINION BY MR. JUSTICE LINN, January 7, 1946:

The widow of August Held appeals at number 184 from an order made in a proceeding in the Common Pleas and at number 185, from an order of the Orphans' Court.

August Held died testate, January 5, 1943; his widow took against his will. The proceeding in the Orphans' Court began by the petition of the executor, Arthur H. Held, filed April 8, 1944, to sell decedent's real estate, a 300-acre farm, for the payment of his debts. Petitioner alleged there was no personal property from which debts could be paid and that the real estate described in the petition was "all the real estate of said decedent." The petition also contained a statement of the decedent's debts. No answer was filed and an order of sale was made. The buyers were Arthur H. Held and his wife, whose bid was $4,800, Arthur H. Held having obtained leave to bid at the sale. The sale was confirmed and the court, on May 20, 1944, directed delivery of the deed to the purchasers on giving bond in double the amount of the purchase money; the bond was given and approved. No appeal from this order was taken with the result that the matter was closed: compare *Foster v. Mutual etc. B. & L. Ass'n,* 329 Pa. 153, 158, 196 A. 863.

It appears that possession of the entire farm was not given and on March 26, 1945, the purchasers, pursuant to the Act of 1905, P. L. 239, 12 P.S. 2571, filed their petition for a rule on Cornelia Held, testator's widow, to show cause why possession of so much of the real estate as she retained should not be given.[1] She answered the petition by denying the purchasers' right to possession

---

[1] We were informed at the argument that the proceeding for possession related merely to the possession of a cottage occupied by her.

for the reason that there was pending in the Common Pleas of Butler County a proceeding in which she, as a terre-tenant defendant, had petitioned [2] for the opening of a judgment confessed by her late husband in favor of Arthur H. Held; that the judgment was one of the debts listed by the executor's petition to sell the real estate, and that the proceeding to open had not been disposed of by the court. In disposing of that petition and answer the court stated that "Through an oversight it now appears that no final order was made on the petition to open judgment, and an order has been filed this day refusing the petition to open the judgment.

"The reason given and the answer to the petition for possession is wholly irrelevant, and as there is no other reason given or any testimony offered to dispute the rights of the purchasers to possession, we must grant the prayer of the petition making the rule absolute and directing the citation to be issued."

The court made the rule absolute and ordered possession. We were informed at the argument that the sale exhausted all decedent's assets and that distribution to the debts entitled to priority of payment over Arthur H. Held's judgment left less than $400 distributable to that judgment. The appeal must be quashed because no assignment of error was filed; we have, however, examined the record and find no ground for disturbing the order.

The appeal at number 184 is from the order of the Common Pleas refusing to open the judgment. The judgment had been confessed by August Held in payment to his son, Arthur, for services rendered over a period of years. Marital differences had arisen between decedent and his wife. She relied on the following averment: ". . . that her marriage to August Held, which was a second marriage for him at a rather advanced age, was bitterly opposed by his sons by his first marriage and the discord which eventually caused the separation of

---

[2] This was the third petition filed for the same purpose.

your petitioner and her husband and his subsequent abandonment and attempted divorce were largely the results of efforts made by said sons of August Held and particularly Arthur Held, and all of said events, including the separation of August Held from your petitioner, the purported execution of the note in question and the last will and testament of August Held, were made at the time when the repeated efforts of the said Arthur Held to create discord and subsequent separation between your petitioner and her husband had borne fruit and the note in question was executed under circumstances amounting to duress and resulted in a fraud upon your petitioner." Plaintiff filed a responsive answer. In subsequent proceedings, which need not be detailed, the learned court held that neither fraud nor want of consideration had been shown and dismissed the petition. It was necessary to sell all decedent's property for the payment of debts; almost the entire fund for distribution went to creditors entitled to priority over the plaintiff in this judgment. In the circumstances, we are not prepared to say there was abuse of discretion in declining to open the judgment.

No. 184, order affirmed.

No. 185, appeal quashed.